[Sac. No. 4139.   Department Two.—November 21, 1928.]

GIOVANNI LATRONICA, as Special Administrator, etc., Appellant, v. ANTONE GENNONI, Respondent.

Anthony Devoto and Devoto & Richardson for Appellant.

C. P. Ross for Respondent.

RICHARDS, J.—The plaintiff, as special administrator of the estate of Marianna B. Latronica, deceased, commenced this action against the defendant for the purpose of having it established that a partnership existed between the deceased and the defendant, commencing in January, 1911, and continuing to the time of the death of said deceased, on or about February 19, 1925, and for an accounting between the defendant and the estate of said deceased with relation to the properties of said partnership, and for a division thereof between the parties to this action. The defendant by his answer denied the existence of such partnership. The trial court granted a nonsuit at the close of the plaintiff's testimony, which, in so far as it bore upon the question of the existence of any such partnership, consisted solely of the evidence of the defendant himself when called as a witness for the plaintiff, under the provisions of the code permitting his examination as such. From the judgment in the defendant's favor which followed the order of the court granting such nonsuit plaintiff prosecutes this appeal.

The facts of the case briefly stated are these: At some time during the year 1911 or 1912 the defendant and Marianna B. Latronica began living together illicitly as husband and wife, the defendant having then a wife living, which fact was known to the deceased when she entered into and continued to live in such illicit relation. The defendant was conducting a farm and dairy business in the vicinity of Los Banos, and the deceased lived with him on the farm, doing the cooking and helping with the work for about ten

years and up to the time when a divorce was obtained by the defendant's wife, and some time thereafter the deceased and the defendant entered into a legal marriage which continued until the death of the former, in February, 1925. We have examined the record herein with a view to determining whether any substantial evidence was presented on behalf of the plaintiff showing the existence of any partnership agreement or relation between the defendant and the deceased during the period of their illicit relationship and prior to their aforesaid marriage, and we have failed to find any tangible evidence thereof which would have justified the trial court in refusing to grant the motion for a nonsuit. The defendant, as we have seen, was practically the only witness in support of the plaintiff's case. He had denied in his sworn answer the existence of the alleged partnership. He was not asked when a witness as to whether or not such partnership existed, and his entire testimony goes no further than to the extent of showing that the deceased and he lived and worked together upon his ranch as though they were husband and wife, each being aware of their illicit relationship. Whatever property was accumulated during the period of such relationship stood at all times in the name of the defendant and was wholly dealt with by him as his individual property. From the time when the parties were married and thereafter up to the time of her death, whatever interest the deceased had in such property after said marriage was a community interest therein, to which the husband succeeded upon her death.

In the absence of any sufficient or substantial evidence tending to show either an agreement to form a partnership, or a course of conduct from which the existence of a partnership between the parties prior to their marriage could be implied, we are of the opinion that the trial court properly granted the defendant's motion for nonsuit, and that the judgment based thereon must be and the same is hereby affirmed.

Shenk, J., and Langdon, J., concurred.